UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BERKSHIRE BANK,
    Plaintiff,

v.

TWIN TIERS AVIATION, INC., NATHAN J. COOK and NICOLE ALLEN COOK,
    Defendants.

Civil Action No. 4:19-cv-40057

## **VERIFIED COMPLAINT**

Plaintiff brings this action for breach of a promissory note executed Twin Tiers Aviation, Inc. and breach of personal guaranties executed by Nathan J. Cook and Nicole Allen Cook.

### **Parties, Jurisdiction and Venue**

1. The plaintiff, Berkshire Bank, successor by merger to Commerce Bank (the "Bank"), is a banking institution with a usual place of business at 386 Main Street, Worcester, Massachusetts.

2. The defendant, Twin Tiers Aviation, Inc. ("Twin Tiers"), is a Pennsylvania company with a current mailing address of 1318 Hanshaw Road, Ithaca, New York.

3. The defendant, Nathan J. Cook ("Nathan"), is an individual with a last known address of 1318 Hanshaw Road, Ithaca, New York.

4. The defendant, Nicole Allen Cook ("Nicole"), is an individual with a last known address of 1318 Hanshaw Road, Ithaca, New York.

5. The amount in controversy exceeds $75,000. This Court has jurisdiction under 28 U.S.C. §1332.

6. Venue is proper in this Court under 28 U.S.C. §§1391.

## Facts

7.      On or about August 14, 2013, Twin Tiers executed a promissory note in favor of the Bank in the original principal amount of $153,550.00 (the "Note"). The Note provides that absent demand for full payment, the Note can be satisfied in one hundred forty-three (144) equal monthly installments of $1,425.79 each beginning September 14, 2013, with a final payment due on August 14, 2025. A true copy of the Note is attached hereto as **Exhibit A**.

8.      On or about August 14, 2013, in connection with the Note, Twin Tiers executed a Business Loan Agreement (the "BLA"). A copy of the BLA is attached hereto as **Exhibit B**.

9.      On or about August 14, 2013, as security for the Note, Twin Tiers executed and delivered to the Bank an aircraft security agreement (the "Security Agreement") granting the Bank a security interest in a 1980 Cessna 340A, Serial Number 340A0976, FAA Registration Number of N425RG (the "Collateral"). A true copy of the Security Agreement is attached hereto as **Exhibit C**.

10.      The Bank duly perfected its security interest in the Collateral by recording with the Federal Aviation Administration.

11.      On or about August 14, 2013, Nathan executed and delivered to the Bank a guaranty, absolutely and unconditionally guaranteeing all obligations of Twin Tiers to the Bank under the Note (the "Nathan Guaranty"). A true copy of the Nathan Guaranty is attached hereto as **Exhibit D**.

12.      On or about August 14, 2013, Nicole executed and delivered to the Bank a guaranty, absolutely and unconditionally guaranteeing all obligations of Twin Tiers to the Bank under the Note (the "Nicole Guaranty"). A true copy of the Nicole Guaranty is attached hereto as **Exhibit E**.

13. Beginning with the August 2018 payment, Twin Tiers failed to make the required monthly payments due under the Note and is currently past due for all subsequent payments.

14. Twin Tiers' failure to make the required payments constitutes a default thereby entitling the Bank to accelerate the full outstanding balance due under the Note.

15. By letter dated January 18, 2019, the Bank provided notice to Twin Tiers, Nathan and Nicole of their payment default under the Note and personal guaranties, and the Bank's acceleration of the full outstanding balance due under the Note and personal guaranties. A true copy of the January 18, 2019 letter is attached hereto as **Exhibit F**.

16. At no time have the defendants disputed the debt due the Bank, but notwithstanding, the defendants have failed to pay the outstanding balance due under the Note and personal guaranties.

## COUNT I

17. The Bank repeats and realleges paragraphs 1 through 16 as if expressly restated and realleged.

18. In breach of its contract, Twin Tiers has failed to pay the full outstanding balance due under the Note.

19. Upon Twin Tiers' breach of the Note, as of April 17, 2019, Twin Tiers owes the Bank the amount of $104,992.32, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection, including attorneys' fees as provided under the Note.

## COUNT II

20. The Bank repeats and realleges paragraphs 1 through 19 as if expressly restated and realleged.

21. Twin Tiers owes the Bank $104,992.32 for money lent to it under the Note.

## COUNT III

22.     The Bank repeats and realleges paragraphs 1 through 21 as if expressly restated and realleged.

23.     In breach of his contract, Nathan has failed to make the required payments due under the Nathan Guaranty.

24.     Upon his breach, as of April 17, 2019, Nathan owes the Bank the amount of $104,992.32, together with subsequently accruing interest at the default rate, late fees, expenses and costs of collection, including attorneys' fees as provided under the Nathan Guaranty.

## COUNT IV

25.     The Bank repeats and realleges paragraphs 1 through 24 as if expressly restated and realleged.

26.     In breach of her contract, Nicole has failed to make the required payments due under the Nicole Guaranty.

27.     Upon her breach, as of April 17, 2019, Nicole owes the Bank the amount of $104,992.32, together with subsequently accruing interest at the default rate, late fees and costs of collection, including attorneys' fees as provided under the Nicole Guaranty.

## COUNT V

28.     The Bank repeats and realleges paragraphs 1 through 27, as if expressly restated and realleged.

29.     Under both the Security Agreement and Massachusetts Uniform Commercial Code, Section 9-503, in the event of a default, the Bank may require Twin Tiers to deliver the Collateral, and shall have all remedies available at law or in equity.

5

30. As a result of Twin Tier's default, the Bank is entitled to the immediate possession of the Collateral.

31. The Bank has and will continue to suffer damages as a proximate result of Twin Tiers' continued detainment of the Collateral, and the Bank is entitled to the immediate possession of the Collateral.

WHEREFORE, the plaintiff, Berkshire Bank, hereby demands that:

a. Judgment enter in favor of it and against the defendants, twin Tiers Aviation, Inc., Nathan J. Cook and Nicole Allen Cook, jointly and severally, in the amount of its damages, including subsequently accruing interest at the default rate and costs of collection, including attorneys' fees;

b. The Defendants be restrained from interfering with the Bank's enforcement of its rights under the Security Agreement;

c. The Defendants be ordered to provide to the Bank, forthwith, the location of the Collateral;

d. The Defendants be enjoined to surrender and deliver forthwith the Collateral to the Bank or its authorized agent at a location designated by the Bank; and

e. Such other and further relief as the Court may deem just and proper.

**BERKSHIRE BANK**

By its attorneys,

/s/ Robert B. Gibbons, Esq.
---
Robert B. Gibbons, Esq., BBO #631049
Jessica E. Murphy, Esq., BBO #664361
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: (508) 898-1501
Fax:    (508) 898-1502

Dated: April 18, 2019

## VERIFICATION

I, Martin O'Riordan, Senior Vice President of Berkshire Bank, state under the penalties of perjury that I have reviewed the factual allegations of this Verified Complaint and attest that they are true.

Martin O'Riordan

Dated: April 18, 2019