## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| **BERKSHIRE BANK,** ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | **NO. 19-40057-TSH** |
| **v.** ) | |
| ) | |
| **TWIN TIERS AVIATION, INC., NATHAN** ) | |
| **J. COOK and NICOLE ALLEN COOK,** ) | |
| **Defendants.** ) | |
| _____ ) | |

### <u>MEMORANDUM OF DECISOIN AND ORDER</u>
**March 22, 2021**

**HILLMAN, D.J.,**

### <u>Background</u>

Berkshire Bank ("Berkshire," or "Plaintiff") brings an action against Twin Tiers Aviation, Inc. ("Twin Tiers"), for failure to pay amount due and owing under a loan agreement and note, and against Nathan J. Cook ("Nathan") and Nicole Allen Cook ("Nicole" and together with Nathan) for breach of their personal guaranties.  More specifically, in 2013 Twin Tiers entered into a Business Loan Agreement with Berkshire and signed a promissory note in the amount of $153,550.00. The loan was guaranteed by Nathan and allegedly, by Nicole. Beginning in August 2018, Twin Tiers failed to make the required monthly payments due on the loan and it is currently past due for all subsequent payments. Despite demand by Berkshire, Twin Tiers, Nathan and Nicole have failed to make payment on their outstanding loan obligations.

This Memorandum of Decision and Order addresses Plaintiff Berkshire Bank's Motion for Summary Judgment (Docket No. 30) pursuant to which Berkshire request judgment against Twin Tiers, Nathan and Nicole, jointly and severally, in the amount of its damages together with

attorneys' fees and costs. More specifically, Berkshire requests Summary Judgment on Counts I and II of the Complaint on the grounds that no genuine disputes of material fact exist in regard to Twin Tiers' breach of its payment obligations under the Promissory Note. Berkshire also requests Summary Judgment on Counts III and IV of the Complaint on the grounds that no genuine disputes of material fact exist in regard to Nathan and Nicole's breach of their payment obligations under their personal guaranties. For the reasons set forth below, the motion is *granted*, in part, and *denied*, in part.

### Standard of Review

Summary Judgment is appropriate if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[G]enuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (citation to quoted case omitted)).

The moving party bears the burden of establishing that there are no genuine disputes of material fact. *Wade v. Touchdown Realty Group*, *LLC*, 386 F.Supp.3d 56, 62 (D. Mass. 2019). When considering a motion for summary judgment, "the Court must view the entire record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Id.* (citing *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 779-80 (1st Cir. 2011)). "Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is

both genuine and material." *Levine-Diaz v. Humana Health Care*, 990 F. Supp. 2d 133, 139 (D.P.R. 2014). "[T]o withstand a properly supported motion for summary judgment, the opposing party must present 'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002). "'The test is whether, as to each essential element, there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."'" *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 153 (1st Cir. 2009) (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)).

## Facts

On August 14, 2013, Twin Tiers entered into a Business Loan Agreement ("BLA") with Berkshire[1] and executed a promissory note in favor of Berkshire in the original principal amount of $153,550.00 (the "Note"). The Note was to be satisfied in one hundred forty-three (143) equal monthly installments of $1,425.79 beginning on September 14, 2013, with a final payment due on August 14, 2025. On that same date, Twin Tiers signed an aircraft security agreement (the "Security Agreement") granting Berkshire a security interest in a 1980 Cessna 340A airplane, Serial Number 340A0976, FAA Registration Number of N425RG (the "Collateral"). Berkshire duly perfected its security interest in the Collateral by recording with the Federal Aviation Administration. Also on August 14, 2013, Nathan signed a guaranty, absolutely and unconditionally guaranteeing all obligations of Twin Tiers to Berkshire under the Note (the "Nathan Guaranty"). Berkshire alleges that Nicole also signed a guaranty, absolutely and

---

[1] The entity that entered the BLA with Twin Tiers was Commerce Bank and Trust Company ("Commerce"). Subsequently, Commerce was purchased by Berkshire. Because Berkshire is the acknowledged party in interest, the Court will not distinguish between actions taken by Commerce and Berkshire and instead, will refer to them as the single entity "Berkshire."

unconditionally guaranteeing all obligations of Twin Tiers to Berkshire under the Note (the "Nicole Guaranty;" collectively with the "Nathan Guaranty," the "Personal Guaranties").

Beginning with the August 2018 payment, Twin Tiers failed to make the required monthly payments due under the Note and is currently past due for all subsequent payments. Twin Tiers' failure to make the required payments constituted a default under the loan documents thereby entitling Berkshire to accelerate the full outstanding balance due. By letter dated January 18, 2019, Berkshire provided notice to Nathan and Nicole of their payment default under the Note and Personal Guaranties, and Berkshire's acceleration of the full outstanding balance due thereunder. The letter also stated the total due under the loan documents, exclusive of legal fees and other costs of collection. Despite demand, Nathan and Nicole failed to pay the outstanding balance due under the Note and Personal Guaranties.

On May 15, 2020, Twin Tiers sold the Collateral for $65,000.00. The entire proceeds were remitted to Berkshire who terminated its security interest in the Collateral by filing a release with the Federal Aviation Administration. After application of the $65,000.00 sale proceeds, the outstanding balance due to Berkshire under the Note and Personal Guaranties as of June 10, 2020 is $47,245.02, plus subsequently accruing interest, late charges, costs and attorneys' fees.

## Discussion

### Berkshire's Motion for Summary Judgment Against Twin Tiers

Berkshire moved for Summary Judgment on Counts I and II, against Twin Tiers on the grounds that it has defaulted on its payment obligations under the BLA and Note entitling Berkshire to entry of judgment against it as a matter of law. Twin Tiers has not filed a responsive pleading in this action and therefore, contemporaneously with is motion for summary judgment,

4

Berkshire requested that default enter against Twin Tiers— that motion was granted. Berkshire has established that it is entitled to judgment against Twin Tiers as a matter of law for a sum certain. *See* Second Affidavit of Martin O'Riordan in Support of Plaintiff's Motion for Summary Judgment (Docket No. 44)("O'Riordan Affidavit). While Berkshire's submissions meet substantially all the requirements of my standing order on motions for default judgment (Docket No. 37), there are some deficiencies which must be addressed. Therefore, Berkshire shall file a request for default judgment and proposed order for judgment, which if in compliance with my standing order, will be granted. Accordingly, I am denying the motion for summary judgment against Twin Tiers.

<u>Berkshire's Motion for Summary Judgment Against the Personal Guarantors</u>

Berkshire has moved for Summary Judgment against Nathan and Nicole asserting that they have breached their obligations under the Personal Guaranties by failing to pay Berkshire the outstanding amounts due and owing to it under the BLA and the Note.  More specifically, Berkshire argues that as guarantors, Nathan and Nicole unconditionally guaranteed the obligations of Twin Tiers to Berkshire. When Twin Tiers defaulted on their payment obligations to Berkshire in August of 2018, Nathan and Nicole (under the Personal Guaranties) became responsible for the outstanding balance. In support of its motion, Berkshire has produced copies of the Personal Guaranties which it asserts are signed by Nathan and Nicole.

*<u>Nathan's Guaranty</u>*

The Defendants do not contest Berkshire's allegation that Nathan breached his payment obligations under the Nathan Guaranty. As noted above, Berkshire provided copies of the Note and the Nathan Guaranty. However, Nathan contends that Berkshire has not sufficiently established the amount owed under the Note. Nathan argues that absent additional supporting

documentation regarding amounts owed, there remains a triable issue of material fact sufficient to preclude the granting of Berkshire's motion for summary judgment. The Court disagrees, and finds that the documentation as filed by the Berkshire, and as further clarified by the O'Riordan Affidavit, sufficiently established the amount owed under the Note, along with interest and fees.[2] No genuine issues of material fact exist in regard to Nathan's liability under the Note and the Nathan Guaranty, therefore summary judgment as to Count III is *granted* in favor of Berkshire.

<u>*Nicole's Guaranty*</u>

In response to Berkshire's motion, Nicole denies having signed the Nicole Guaranty and has challenged the authenticity of the signature thereon. Nicole argues that Berkshire's failure to produce sufficient evidence to prove that her signature is authentic creates a genuine issue of material fact precluding the entry of summary judgment against her. Berkshire acknowledges that there is a genuine issue of material fact as to the authenticity of Nicole's signature. Accordingly, Berkshire's motion for summary judgment is ***denied*** as to Count IV.

## **Conclusion**

Plaintiff's Motion for Summary Judgment is ***granted***, in part, and ***denied***, in part, as provided in this Order and Memorandum of Decision.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[2] This calculation takes into account the proceeds of the sale of the Collateral as applied to the amount owed under the Note.